# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEDEDIAN BELLOT, | Case No. 2:13-cv-0060-APG-VCF |
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | **(Dkt. #20)** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendants. | |

On June 21, 2013, Magistrate Judge Ferenbach entered his Order (1) granting the Defendants' Motion to Compel, (2) granting the Defendants' Motion for Attorney Fees and Costs, and (3) granting Plaintiff's counsel's Motion to Withdraw as Attorney of Record. [Dkt. #19] Judge Ferenbach's Order recites Plaintiff's failure to comply with his discovery obligations and to prosecute his case. Judge Ferenbach ordered Plaintiff to respond to the outstanding discovery requests and to pay $655.00 to Defendants' counsel for attorney costs and fees. [*Id*. at 4:4-8.] Judge Ferenbach specifically stated that "[i]f Plaintiff fails to perform in accordance with this Order, the Court will presume that Plaintiff is no longer interested in pursuing his claim and will recommend dismissal of the action in full." [Dkt. #19 at 3:18-20.]

Plaintiff has failed to comply with that Order, has failed to prosecute his claims, and has failed to contact Defendants' counsel. [Dkt. #20 at 3:14-22.] Accordingly, on August 2, 2013, Defendants filed their Motion for Involuntary Dismissal. [Dkt. #20.] Plaintiff filed no opposition to the Motion. Pursuant to LR 7-2(d), the "failure of an

opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Nevertheless, the Court has reviewed the Defendants' motion and renders this decision based upon the merits of that motion.

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The court has "broad discretion in the matter of dismissing an action for want of diligent prosecution." *Schmidt v. Wallenius Line*, 455 F.2d 1088 (9th Cir. 1972).

> In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.1992). These factors strongly suggest that Plaintiff's Complaint should be dismissed.

This court's docket is jammed with cases. A party's failure to prosecute his claims causes further backlog, interferes with the court's ability to address active cases, and delays resolution of other litigants' cases. Moreover, the discovery period for this case has now expired. Plaintiff's failure to respond to discovery has precluded Defendants from discovering relevant facts and evidence and developing their defenses. Clearly, Defendants have been prejudiced by Plaintiff's inaction. While less drastic measures are available, it is obvious from the Defendant's Motion, Judge Ferenbach's Order, and the events that gave rise to that Order that Plaintiff has no intention of prosecuting his case. Further orders from this court likely would be ignored. Thus, good cause exists to dismiss Plaintiff's Complaint for his utter failure to satisfy his obligations as a litigant. Therefore,

/ / / /

/ / / /

/ / / /

**IT IS HEREBY ORDERED** that this case is DISMISSED.

The clerk of the court shall enter Judgment accordingly, and shall accept no further filings in this matter.

Dated: November 4, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE